IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DIAMOND ISLAND MARINA, INC.**,

**Plaintiff,**

**v.**

**GRABEL, SCHNIEDERS, HOLLMAN
& CO., CPA, A Professional Corporation,**

**Defendant.**                                                                 **No. 08-0025-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Defendant's motion for summary judgment (Docs. 38, 39, 40 & 45). Naturally, Plaintiff opposes the motion (Doc. 43). Based on record, the applicable law and the following, the Court denies the motion.

On February 12, 2008, Diamond Island Marina, Inc., filed a First Amended Complaint against Grabel, Schnieders, Hollman & Co., C.P.A., a professional corporation ("GSH"), alleging professional malpractice (Doc. 14). The First Amended Complaint alleges that GSH, Plaintiff's certified public accountants, provided negligent representation and advice to Plaintiff relating to income tax

consequences regarding the transfer, surrender and deemed sale of land in 2004. GSH filed its answer to the First Amended Complaint on February 25, 2008 (Doc. 17). Thereafter on June 16, 2009, GSH filed a motion for leave to file a motion for summary judgment out of time (Doc. 29). On June 24, 2009, the Court granted Defendant's motion (Doc. 37) and GSH filed the motion (Doc. 38). Plaintiff filed its response on July 27, 2009 (Doc. 44) and Defendant filed a reply on August 10, 2009 (Doc. 45).

## II. Facts[1]

Plaintiff alleges professional malpractice against Defendant GSH based upon GSH's negligent representation and advice relating to income tax consequences regarding the transfer, surrender and deemed sale of land known as the Nutwood and Fieldon Farms ("Property") in 2004. Subsequent to Defendant's engagement by Plaintiff on or about August 13, 2004, Defendant allegedly provided advice to Plaintiff and Norm Farber that there would not be any significant tax due on the proposed transfer of Property to the Jersey State Bank if it was consummated.

Jersey State Bank filed its Complaint of Foreclosure on December 3, 2003, to foreclose on the Plaintiff's past due loans, and pledged collateral which included the Property. In May 2004, the Bank's Foreclosure was still on file. Plaintiff signed the loan modification agreement on October 22, 2004, conveying the Property to Jersey State Bank. Jersey State Bank refused to refinance Plaintiff's

---

[1] These are the facts that the parties contend are not in dispute.

loan. Further, Plaintiff claims that had it known that it would incur taxable gains for 2004 resulting from the transfer of said Property to Jersey State Bank it would have avoided the taxable gain by refinancing the loan with Marine Bank or other similar options to avoid that taxable gain. Plaintiff surrendered the Property to Jersey State Bank for forgiveness of outstanding loan debt. Plaintiff incurred taxable gains of $1,265,022.94 in the 2004 tax year resulting from the transfer of said Property to Jersey State Bank.

### III. Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Fed. R. Civ. Proc. 56(c)**. A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. ***Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994)**. The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. **Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)**. In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. ***Anderson***

***v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)**.

### IV. <u>Analysis</u>

Plaintiff and Defendant dealt with each other in Illinois, so the contract and tort law of that state applies. "The elements of a professional negligence cause of action are: (1) the existence of a professional relationship, (2) breach of duty arising from that relationship: (3) causation and (4) damages." ***MC Baldwin Financial Co v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. 2006)(citing *Belden v. Emmerman*, 560 N.E.2d 1180, 1181 (Ill. App. 1990)**. Further, Plaintiff must prove proximate causation. ***Cleveland v. Rotman*, 297 F.3d 569, 572 (7th Cir. 2002)**.

Here, Defendant contends that it is entitled to summary judgment because the parties did not have a professional relationship regarding Plaintiff's 2004 taxes prior to Plaintiff surrendering the property to Jersey State Bank; that there is no causal connection between Plaintiff's alleged damages and Defendant's purported advice and that Plaintiff cannot prove it sustained any damages.  Plaintiff responds that a relationship existed prior the transfer and that advice was provided despite when the relationship may have been reduced to writing.  Specifically, Plaintiff contends that GSH began providing tax advice in or around August 2004; that it asked GSH about the tax implications of the proposed transfer of the Property; and that GSH informed Plaintiff, along with Mr. Farber, that there would be no significant tax consequences associated with the transfer.  Further, Plaintiff contends that there

were other options available to it that would have avoided the taxable gain had it received accurate tax information from Defendant. Lastly, Plaintiff contends that its damages are undisputed and that it incurred tax liabilities that it would not have otherwise incurred and it had other options than the outright sale of the Property.

As to the element of causation, Defendant contends that Plaintiff cannot prove this element because Plaintiff had no option other than to surrender the Property to Jersey State Bank. Plaintiff counters that Defendant itself did set forth another option in February 2005 that would have been available to Plaintiff but that it was too late for Plaintiff to act upon said advice. Plaintiff maintains that in February 2005 Defendant suggested the option of retroactively consolidating with related business entities, which would offset the tax liability with certain losses from the related entities. Plaintiff contends that on that advice of Defendant it met with an attorney who informed it that this action should have been taken prior to the end of the tax year and possibly prior to the transfer of the Property.

Clearly, several genuine issues of material fact remain that cannot be resolved by summary judgment. Thus, summary judgment is not proper.

## V. Conclusion

Accordingly, the Court **DENIES** Defendant's motion for summary judgment (Doc. 38). Further, the Court **SETS** this matter for Final Pretrial Conference on January 6, 2010 at 9:30 a.m. Further, the parties should contact

Magistrate Judge Frazier's chambers if a settlement conference would be beneficial.

**IT IS SO ORDERED.**

Signed this 10th day of November, 2009.

/s/     David R Herndon

**Chief Judge
United States District Court**